No. 25-1420

---

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

---

The Bank of New York Mellon, Plaintiff-Appellees.

*v.*

Mario E. Castro, et al., Plaintiff – Defendant-Appellant,

---

Appeal From The United States District Court For The Eastern District Of New York In Case No. **2:25-cv-01608-PKC-JMW**, presiding Judge Pamela K. Chen.

---

## INFORMAL OPENING BRIEF OF APPELLANT

---

Mario E. Castro and Magdalena D. Castro, Appellants, Sui Juris
c/o 419 West Hills Road, Melville, New York 11747
All natural secured rights reserved and retained
Ph. 917-513-7741
Email: 4lifemcastro@gmail.com

September _1st_, 2025

## TABLE OF CONTENTS

I. Jurisdictional Statement ................................................ 1
II. Statement of Issues Presented ........................................ 1
III. Statement of the Case ................................................ 1
IV. Summary of the Argument .............................................. 2
V. Argument ............................................................... 2

    1. The District Court Erred by Failing to Retain Jurisdiction over the Separate and Independent Counterclaim ........................ 2

    2. The Court's Complete Remand Was Contrary to the Mandatory Language of § 1441(c) ................................................. 3

    3. Jurisdiction Once Invoked Cannot Be Mooted by Procedural Oversight ............................................................ 4

    4. Due Process Requires an Opportunity to Be Heard Before Remand ................................................................ 5

    VI. Jurisdictional Challenge Raised in Rule 59/60 Motion ............. 5

    VII. Conclusion ........................................................ 6

    VIII. Certificate of Compliance ....................................... 7

    IX. Certificate of Service ............................................ 8

## TABLE OF AUTHORITIES

**Cases**

- *Alabama v. Bozeman*, 533 U.S. 146, 153 (2001) ..................... 4, 6
- *Bell v. Hood*, 327 U.S. 678, 681–82 (1946) ........................... 3
- *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 166 (1997) ........ 3
- *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ......................................... 4
- *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ....................................... 3
- *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) ........... 5
- *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 773–74 (2d Cir. 1988) .................................. 3
- *Gonzalez v. Crosby*, 545 U.S. 524 (2005) ......................... 5, 6
- *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ................... 5
- *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976) ..... 1, 4
- *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010) ......................................... 5

**Statutes**

- 28 U.S.C. § 1331 ........................ 1, 3, 4
- 28 U.S.C. § 1441(c) ............................. 1, 2, 3, 4, 5, 6
- 28 U.S.C. § 1447(c) ........................ 1, 4
- U.S. Constitution, Fifth Amendment (Due Process Clause) .......... 1, 2, 5, 6

## I.   JURISDICTIONAL STATEMENT

This Court has jurisdiction under 28 U.S.C. § 1291 to review the District

Court's orders remanding Appellants' case to state court and denying the Petition

to Vacate. The remand order is reviewable because it was not based on lack of

subject matter jurisdiction under § 1447(c) but on a misapplication of § 1441(c),

which constitutes legal error. ***Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S.**

**336, 351 (1976).**

## II.   STATEMENT OF ISSUES PRESENTED

1. Whether the District Court erred by remanding the entire case—including
   Appellants' Counterclaim—without severing the non-removable foreclosure
   claim, in contravention of 28 U.S.C. § 1441(c).

2. Whether the District Court failed its mandatory duty by remanding separate
   federal Counterclaims that invoked original jurisdiction.

3. Whether the District Court violated due process (Fifth Amendment) by sua
   sponte remanding without notice or opportunity to be heard.

4. Whether the District Court improperly declared pending motions, including
   default and default judgment, "moot" despite an unresponded federal
   Counterclaim.

## III.   STATEMENT OF THE CASE

Appellants removed a state foreclosure action and filed a Counterclaim

raising independent federal claims. The District Court, without motion or briefing,

remanded the entire matter, including the Counterclaim, and later denied

Appellants' Rule 60(b) Petition to Vacate. The Counterclaim has never been

answered; default remains unaddressed. This appeal challenges the remand and

denial orders.

## IV.   SUMMARY OF THE ARGUMENT

The District Court's orders must be reversed because:

- 28 U.S.C. § 1441(c) required the court to **sever** and retain jurisdiction over the Counterclaim;

- Federal jurisdiction once invoked cannot be extinguished by procedural oversight;

- The sua sponte remand violated due process protections (Fifth Amendment);

- Pending motions for default judgment were improperly mooted; and

- The Rule 60(b) Petition properly preserved these jurisdictional errors.

## V.   ARGUMENT

**1. The District Court Erred by Failing to Retain Jurisdiction over the Separate and Independent Counterclaim**

The court committed legal error by remanding the entire case—including the federally grounded Counterclaim—without applying the severance/retention mandate of **28 U.S.C. § 1441(c).**

"Whenever a civil action includes (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made non-removable by statute the entire action **may be removed** by any defendant...." **"Upon removal... the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the**

severed claims...." It **retains** the federal claim. **28 U.S.C. § 1441(c)(1)–(2)** (emphasis added).

Appellants' Counterclaim pleaded claims arising under federal law (including constitutional protections and federal statutory frameworks tied to negotiable instruments and federal banking programs). Under ***Bell v. Hood*, 327 U.S. 678, 681–82 (1946),** federal-question jurisdiction exists where a claim "arises under" federal law unless it is wholly insubstantial or frivolous. The district court did not undertake let alone make such a finding. Once the "civil action" included a § 1331 claim, § 1441(c) required the court to analyze severance and retention. It did not.

This was not harmless. Congress spoke in mandatory terms for what a district court must do **once a § 1331 claim is present in the removed civil action**: sever and remand only the non-removable pieces; **retain** the federal claim for adjudication.

Supporting Authority:

- ***Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 773–74 (2d Cir. 1988)** (independent federal cause of action establishes jurisdiction).

- ***Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)** (federal claim on pleading suffices for removal).

- ***City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 166 (1997)** (federal jurisdiction lies where any part of a case raises a federal question).

## 2. The Court's Complete Remand Was Contrary to the Mandatory Language of § 1441(c)

The court issued a **complete remand**, striking both the non-removable state foreclosure and the federal Counterclaim without any § 1441(c) severance analysis. That conflicts with the statute's mandatory verbs "**shall sever**" and "**shall remand**" terms the Supreme Court interprets as mandatory.

- *Alabama v. Bozeman*, **533 U.S. 146, 153 (2001)**: "The word 'shall'... demands compliance, not excuses."

- *Thermtron Prods., Inc. v. Hermansdorfer*, **423 U.S. 336, 351 (1976)**: improper remands are reviewable.

Where a remand rests on a ground **not authorized** by the removal/remand statutes such as ignoring § 1441(c)'s sever-and-retain command review and reversal are appropriate. See *Thermtron Prods., Inc. v. Hermansdorfer*, **423 U.S. 336, 351 (1976)** (remands outside § 1447(c)'s limits are not insulated from review). Here, instead of following § 1441(c)(2)'s required path **retain** the federal claim; **remand only** the non-removable claim the court remanded **everything**, including the federal Counterclaim. That is reversible legal error. By ignoring severance, the District Court exceeded statutory authority.

### 3. Jurisdiction Once Invoked Cannot Be Mooted by Procedural Oversight

The court also erred in declaring all pending motions including those directed to the Counterclaim (default and default judgment) "moot" after remand. Federal courts have "a **virtually unflagging obligation** to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, **424 U.S. 800, 817 (1976)**. A federal counterclaim that properly invokes § 1331 must be

adjudicated; the failure to address an unanswered pleading that satisfies **Rule 55** is error. See...***Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993)** (default judgments are appropriate where a party fails to respond or defend); accord ***United States v. $22,050.00 U.S. Currency,* 595 F.3d 318, 326 (6th Cir. 2010)** (entry of default judgment is proper where requirements are met and no response is filed).

Because § 1441(c) required the court to **retain** the federal claim, the court was obligated to reach Appellants' pending Rule 55 requests on that claim rather than declare them "moot."

### 4. Due Process Requires an Opportunity to Be Heard Before Remand

The court's sua sponte remand without motion, notice, briefing, or a hearing denied Appellants procedural due process (Fifth Amendment). ***Mathews v. Eldridge,* 424 U.S. 319, 333 (1976),** requires (1) notice; (2) a meaningful opportunity to be heard; and (3) a neutral decision-maker before governmental deprivation. Here, Appellants received no notice of intent to remand and no chance to brief § 1441(c)'s sever-and-retain framework or the merits of the Counterclaim's federal-question status. That deprivation compounded the statutory error and warrants reversal with instructions to conduct the proper analysis.

## VI.   JURISDICTIONAL CHALLENGE PRESERVED AND PRESENTED

Appellants preserved these jurisdictional errors in their Petition to Vacate. Under ***Gonzalez v. Crosby,* 545 U.S. 524 (2005), Rule 60(b)** provides relief where a judgment rests on legal error affecting jurisdiction. The District Court's denial

compounded its initial mistake.

## VII.   CONCLUSION

For the foregoing reasons, this Court should:

1. **REVERSE the Remand Order** dated April 11, 2025, on the ground that the District Court failed to apply the **mandatory severance** of the federal Counterclaim under **28 U.S.C. § 1441(c)**, as required by *Alabama v. Bozeman*, **533 U.S. 146, 153 (2001),** which makes clear that "shall" **demands compliance, not excuses;**

2. **VACATE the District Court's Order** denying the Rule 60(b) Petition, as it preserved and properly raised a jurisdictional error warranting relief under *Gonzalez v. Crosby*, **545 U.S. 524 (2005);**

3. **REMAND the case with instructions** to sever the non-removable foreclosure claim, retain jurisdiction over the separate and independent federal Counterclaim, and proceed to adjudicate the **pending motions for default and default judgment** in accordance with **Rule 55** and the Due Process Clause of the Fifth Amendment.

Date this _1st_ day of September, 2025.


RESPECTFULLY PRESENTED,

_Mario E. Castro, Sui Juris_
All Natural Secured Rights Explicitly Reserved and Retained
c/o 419 West Hills Road, Melville, New York 11747
Ph. 917-513-7741
Email: 4lifemcastro@gmail.com

_Magdalena D. Castro, Sui Juris_
All Natural Secured Rights Explicitly Reserved and Retained
c/o 419 West Hills Road, Melville, New York 11747
Ph. 917-513-7741
Email: 4lifemcastro@gmail.com

## VIII.    CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains fewer than 13,000 words or uses a monospaced face and contains no more than 1,300 lines of text. It has been prepared in a proportionally spaced typeface using Times New Roman in 14-point font.

No. 25-1420

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

The Bank of New York Mellon Appellee,

*v.*

Castro, et al., Appellant's.

Appeal From The United States District Court For The Eastern District Of New York In Case No. **2:25-cv-01680-PKC-JMW**, presiding Judge Pamela K. Chen.

## IX.  CERTIFICATE OF SERVICE

Mario E. Castro and Magdalena D. Castro, Appellants, Sui Juris
c/o 419 West Hills Road, Melville, New York 11747
All natural secured rights reserved and retained
Ph. 917-513-7741
Email: 4lifemcastro@gmail.com

September ___, 2025

Page 8 of 9

**WE HEREBY CERTIFY** that a true and correct copy of the

**"Appellant Opening Brief"** has been served to the Appellee's on the

service list via this courts electronic ECF system and under U.S.P.S. first-

class mail.

**Sent to:**
McCalla Raymer Leibert Pierce, LLC
Attention Brian Peter Scibetta
420 Lexington Avenue, Suite 840
New York, NY 10170

**Dated this** _1st_ **day of September, 2025.**

RESPECTFULLY PRESENTED,

Mario E. Castro, Sui Juris
All Natural Secured Rights Explicitly Reserved and Retained
c/o 419 West Hills Road, Melville, New York 11747
Ph. 917-513-7741
Email: 4lifemcastro@gmail.com

Magdalena D. Castro, Sui Juris
All Natural Secured Rights Explicitly Reserved and Retained
c/o 419 West Hills Road, Melville, New York 11747
Ph. 917-513-7741
Email: 4lifemcastro@gmail.com

**PRESS FIRMLY TO SEAL**

 

**PRESS FIRMLY TO SEAL**

PRIORITY MAIL
FLAT RATE ENVELOP
POSTAGE REQUIRE



PRIORITY
MAIL

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinati
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the
Domestic Mail Manual at *http://pe.usps.com*.
** See International Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

# FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

# TRACKED ■ INSURED

To schedule free Package Picku
scan the QR code.



USPS.COM/PICKUP





PS00001000014    EP14F October 2023

This package is made from post-consumer waste. Please recycle – again.

---

**Click-N-Ship®**

usps.com
$9.70
US POSTAGE


9405 5301 0935 5204 7515 07 0096 5001 0007


U.S. POSTAGE PAID

09/02/2025    Mailed from 11747    450561503226075

**PRIORITY MAIL®**

MARIO E CASTRO
419 W HILLS RD
MELVILLE NY 11747-1845


USM4LL
SDNY

Flat Rate Envelope
RDC 03
C099

THURGOOD MARSHALL UNITED STATES C
UNITED STATES COURT OF APPEALS FOR
40 FOLEY SQ
NEW YORK NY 10007-1502

**USPS TRACKING #**

9405 5301 0935 5204 7515 07

