No. 25-1420

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

The Bank of New York Mellon Appellee,

v.

Castro, et al., Appellant's.

Appeal From The United States District Court For The Eastern District Of New York In Case No. **2:25-cv-01680-PKC-JMW**, presiding Judge Pamela K. Chen

## APPENDIX OF APPELLANT'S MARIO AND MAGDALENA

Mario E. Castro and Magdalena D. Castro, Appellants, Sui Juris
c/o 419 West Hills Road, Melville, New York 11747
All natural secured rights reserved and retained
Ph. 917-513-7741
Email: 4lifemcastro@gmail.com



September /s/ 1, 2025

## TABLE OF CONTENTS

DISTRICT COURT DOCKET SHEET.................................................................. 3

ORDER BEING APPEALED APRIL 11, 2025 ................................................... 4

ORDER BEING APPEALED MAY 9, 2025 ........................................................ 9

NOTICE OF APPEAL ......................................................................................... 10

CERTIFICATE OF SERVICE ............................................................................ 11

Query   Reports ▾   Utilities ▾   Help   Log Out

**2:25-cv-01608-PKC-JMW** The Bank of New York Mellon v. Castro et al
Pamela K. Chen, presiding
James M. Wicks, referral
**Date filed:** 03/21/2025
**Date terminated:** 04/11/2025
**Date of last filing:** 08/18/2025

# History

| Doc. No. | Dates | Description |
|---|---|---|
| 1 | Filed: 03/21/2025<br>Entered: 03/25/2025 | Notice of Removal |
| 2 | Filed: 03/24/2025<br>Entered: 03/25/2025 | Filing Fee Received |
| 5 | Filed: 03/24/2025<br>Entered: 03/26/2025 | State Court Record |
|  | Filed & Entered: 03/25/2025 | ECF Admission and Registration Notification - Removal |
| 3 | Filed & Entered: 03/25/2025 | Clerks Notice of Rule 73 |
| 4 | Filed & Entered: 03/25/2025 | Notice of Related Case |
| 6 | Filed & Entered: 03/28/2025 | Notice of Appearance |
| 7 | Filed & Entered: 03/28/2025 | Certificate of Service |
| 8 | Filed & Entered: 03/31/2025 | Motion for Leave to File Document |
| 11 | Filed: 04/02/2025<br>Entered: 04/04/2025 | State Court Record |
| 9 | Filed & Entered: 04/04/2025<br>Terminated: 04/11/2025 | Motion for Pre Motion Conference |
| 10 | Filed & Entered: 04/04/2025<br>Terminated: 04/11/2025 | Motion for Pre Motion Conference |
| 12 | Filed & Entered: 04/07/2025 | Request for Certificate of Default |
| 13 | Filed: 04/07/2025<br>Entered: 04/08/2025 | Certificate of Service |
| 14 | Filed & Entered: 04/11/2025 | Order on Motion for Pre Motion Conference |
| 15 | Filed & Entered: 05/06/2025<br>Terminated: 05/09/2025 | Motion to Vacate |
|  | Filed & Entered: 05/09/2025 | Order on Motion to Vacate |
|  | Filed & Entered: 06/03/2025 | Electronic Index to Record on Appeal |
| 16 | Filed & Entered: 06/03/2025 | Notice of Appeal |
| 17 | Filed & Entered: 06/03/2025 | USCA Appeal Fees |
| 18 | Filed & Entered: 07/15/2025<br>Terminated: 08/18/2025 | Motion to Stay |
|  | Filed & Entered: 07/18/2025 | Scheduling Order |
| 19 | Filed & Entered: 08/01/2025 | Memorandum in Opposition |
|  | Filed & Entered: 08/18/2025 | Order on Motion to Stay |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/01/2025 14:43:19 | | | |
| PACER Login: | mmljsolutions | Client Code: | |
| Description: | History/Documents | Search Criteria: | 2:25-cv-01608-PKC-JMW |
| Billable Pages: | 1 | Cost: | 0.10 |

Case 2:25-cv-01608-PKC-JMW   Document 14   Filed 04/11/25   Page 1 of 5 PageID #: 229

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THE BANK OF NEW YORK MELLON,
as Trustee for the Certificate holders of
CWALT, Inc., Alternative Loan Trust 2006-
OA11, Mortgage Pass-Through Certificates,     **MEMORANDUM & ORDER**
Series 2006-OA11, formerly known as THE       25-CV-1608 (PKC) (JMW)
BANK OF NEW YORK,

                     Plaintiff,

     - against -

MARIO E. CASTRO, *et al.*,

                     Defendants.
-----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

        On March 21, 2025, *pro se* Defendants Mario E. Castro and Magdalena D. Castro ("Defendants") filed a Notice of Removal seeking to remove a mortgage foreclosure action from the Supreme Court of the State of New York, Suffolk County, Index No. 631307/2023, to this Court. (Notice of Removal, Dkt. 1.) The Defendants paid the requisite filing fee to commence this action. (Filing Fee, Dkt. 2.) On March 31, 2025, Defendants filed a request for Clerk's entry of default. (Default Mot., Dkt. 8.) On April 4, 2025, Plaintiff The Bank of New York Mellon ("Plaintiff") filed a motion for pre-motion conference ("PMC") for motion to remand. (Pl.'s PMC Request, Dkt. 10.) On April 7, 2025, Defendants filed a petition for entry of default judgment, (Pet. Entry Default, Dkt. 12). For the reasons set forth below, this action is remanded to the Suffolk County Supreme Court pursuant to 28 U.S.C. § 1447(c), and Plaintiff's PMC request and Defendants' petition for entry of default judgment are denied as moot. The Court respectfully directs the Clerk of Court to deny as moot Defendants' request for entry of default.

PAGE 4

## DISCUSSION

The underlying state court foreclosure proceeding was initiated against Defendants on December 20, 2023. (Notice of Removal, Dkt. 1, at ECF[1] 3; Summons and Compl., *BNY Mellon v. Castro et al.*, No. 631307/2023, Dkt. 1.) Defendants were individually served with the state court summons and complaint on January 17, 2024. (*Id.*) Defendants filed the Notice of Removal on March 21, 2025—over a year after they were served in the underlying state court proceeding—asserting subject matter jurisdiction under both diversity jurisdiction and federal question jurisdiction. (Notice of Removal, Dkt. 1, at ECF 11.)

The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). A claim may only be removed to federal court if it could have been filed in federal court at the outset. *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 485 (2d Cir. 1998). A court may remand a removed case to state court *sua sponte*—meaning, of its own accord—if it finds that subject matter jurisdiction is lacking. *See* 28 U.S.C. § 1447(c).

### I.   Defendants' Notice of Removal Is Untimely

To be timely, a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Case 2:25-cv-01608-PKC-JMW   Document 14   Filed 04/11/25   Page 3 of 5 PageID #: 231

relief." 28 U.S.C. § 1446(b)(1). As previously noted, Defendants were served with the state court summons and complaint on January 17, 2024, but did not file the Notice of Removal until over a year later, on March 21, 2025. Thus, because the Notice of Removal was not timely filed, the Court remands this case to Supreme Court, Suffolk County. *See Murray v. Deer Park Union Free Sch. Dist.*, 154 F. Supp. 2d 424, 426 (E.D.N.Y. 2001) ("Failure to file within the 30-day filing period leads to an automatic defeat of the removal petition.").

## II. There Is No Federal Question Jurisdiction

Even if the Notice of Removal had been filed timely, there is no federal question here that would support subject matter jurisdiction. Under 28 U.S.C. § 1441(b), courts have original jurisdiction over claims "arising" under federal law. This means that, for a claim to arise under federal law, the allegations in the state court complaint must contain a federal claim. Here, the underlying state court complaint does not allege any federal claims, but Defendants' counterclaims purport to assert federal questions. (*See* Notice of Removal, Dkt. 1, at ECF 11 ("This case presents **substantial federal questions** arising under the laws of the Untied States, including but not limited to the **Federal Reserve Act, 59 Stat. 237 § 2, Joint Resolution 10, the Uniform Commercial Code**, and applicable **Treasury regulations**." (emphasis in original).) But Defendants' counterclaims cannot establish federal question jurisdiction—only the state court plaintiff's allegations in the state court complaint can do so. *See Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 773 (2d Cir. 1988) ("In determining whether a petition [for removal] establishes the existence of a federal question, removal based on federal question jurisdiction is improper unless a federal claim appears on the face of [the] well-pleaded [state court] complaint."). The underlying state court proceeding is a mortgage foreclosure case that arises under state law, not federal law. (Summons and Compl., *BNY Mellon v. Castro et al*, No. 631307/2023, Dkt. 1.)

Because the underlying state court complaint does not bring a federal claim, there is no federal question jurisdiction in this case.

### III.    Diversity Jurisdiction Does Not Support Removal

Lastly, Defendants assert that the Court has diversity jurisdiction because "the amount in controversy exceeds $75,000, and there exists complete diversity between Plaintiffs and Defendants." (Notice of Removal, Dkt. 1, at ECF 11.) *See also* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between—citizens of different states."). Under what is known as the "forum defendant rule," a defendant may not rely on diversity jurisdiction to remove an action if they are a citizen of the state in which the action has been brought. *See* 28 U.S.C. § 1441(b)(2). Here, because the Defendants are citizens of New York, the state in which the foreclosure action was brought, the forum defendant rule prohibits them from removing this action. *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) ("In the usual case, application of the forum defendant rule is straightforward: a defendant is sued in a diversity action in the state courts of its home state, is served in accordance with state law, attempts to remove the case, and is rebuffed by a district court applying Section 1441(b)(2).")

Because the Defendants have not established a valid independent basis for this Court's jurisdiction over the state court foreclosure action, it is not removable, and, therefore, even if Plaintiffs had timely removed this action, the Court would remand it to state court.

### CONCLUSION

This action was not timely removed from state court and the Court lacks subject matter jurisdiction over it in any event. The Court therefore remands this action to the Supreme Court of the State of New York, Suffolk County, Index No. 631307/2023, pursuant to 28 U.S.C. § 1447(c). Accordingly, Plaintiff's PMC request, (Dkt. 10), and Defendants' petition for entry of default

4

judgment, (Dkt. 12), are denied as moot, and the Court respectfully directs the Clerk of Court to deny as moot Defendants' request for entry of default, (Dkt. 8), and to close this case. Although the Defendants paid the filing fee to remove this action from state court, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ *Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 11, 2025
      Brooklyn, New York

**Full docket text:**
ORDER DENYING MOTION TO VACATE: The Court denies Defendants' [15] motion to vacate its April 11, 2025 Remand Order, (Dkt. [14]), because it lacks subject matter jurisdiction over this action.

Defendants argue that the Court has federal question jurisdiction because their "Counterclaim asserts violations of constitutional protections, federal civil rights, and federal statutory obligations," and that the Court has diversity jurisdiction because "[t]he amount in controversy exceeds $75,000 and the parties are citizens of difference states." (Mot., Dkt. 15, at 2.) As the Court previously explained, "there is no federal question here that would support subject matter jurisdiction" because "the underlying state court complaint does not allege any federal claims." (Remand Order, Dkt. 14, at 3.) But Defendants argue that "they are not counterclaim defendants but are... plaintiffs to the Counterclaim," meaning they are "asserting original federal claims" and "have the right to remove their own well-pleaded case." (Mot., Dkt. 15, at 2.) Defendants did not assert their federal claims by filing a separate case in federal court, though--they asserted those claims in a counterclaim in an underlying state court action, and then they filed a notice of removal in federal court. (Notice of Removal, Dkt. [1]; State Court Record, Dkt. [5].) And "federal jurisdiction [cannot] rest upon" a counterclaim such as Defendants' here. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). *See also id.* ("[A] federal counterclaim... does not establish 'arising under' jurisdiction." (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002))).

Furthermore, as the Court also previously explained, "the forum defendant rule prohibits [Defendants] from removing this action" based on diversity jurisdiction because they are "citizens of New York, the state in which the foreclosure action was brought." (Remand Order, Dkt. 14, at 4 (citing *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019).) Defendants do not address this in their motion to vacate. Thus, this case cannot be removed to federal court based on diversity jurisdiction. (Mot., Dkt. 15, at 2.)

Because the Court does not have subject matter jurisdiction, either via federal question jurisdiction or via diversity jurisdiction, it must deny Defendants' motion to vacate and need not address Defendants' remaining arguments. Ordered by Judge Pamela K. Chen on 5/9/2025. (JJB) Modified on 7/16/2025 to correct typographical error. (FG)

| PACER Service Center |||| 
|---|---|---|---|
| Transaction Receipt ||||
| 09/01/2025 14:44:03 ||||
| PACER Login: | mmljsolutions | Client Code: | |
| Description: | History/Documents | Search Criteria: | 2:25-cv-01608-PKC-JMW |
| Billable Pages: | 1 | Cost: | 0.10 |

PAGE 9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate holders of CWALT, Inc., Alternative Loan Trust 2006-OA11, Mortgage Pass-Through Certificates, Series 2006-OA11<br><br>Plaintiff,<br><br>Vs.<br><br>Mario E. Castro; Magdalena D. Castro; et al.<br><br>Defendants. | Case No. 25-cv-01608-PKC-JMW<br><br>NOTICE OF APPEAL |

Notice is hereby given that **Petitioners, Defendants Mario E. Castro and Magdalena D. Castro,** hereby appeals to the United States Court of Appeals for the Circuit from the orders of this Court filed and entered on April 11, 2025 (ECF No. 14) and May 9, 2025 text order denying Motion to Vacate. We hereby certify that the appeal is not taken for purposes of delay.

**DATED this** 1st **day of June, 2025.**

RESPECTFULLY PRESENTED,

_____
Mario E. Castro, Sui Juris
All Natural Secured Rights Explicitly Reserved and Retained
c/o 419 West Hills Road, Melville, New York 11747
Ph. 917-513-7741
Email: 4lifemcastro@gmail.com

_____
Magdalena D. Castro, Sui Juris
All Natural Secured Rights Explicitly Reserved and Retained
c/o 419 West Hills Road, Melville, New York 11747
Ph. 917-513-7741
Email: 4lifemcastro@gmail.com

Page 1 of 2

## CERTIFICATE OF SERVICE

Mario E. Castro, and I, Magdalena D. Castro, hereby certify that a true and correct copy of the forgoing Notice of Appeal has been or will be were served upon all parties listed below by placing the same in a properly addressed envelope with sufficient postage and deposited in the United States Mail, first class, and or by electronic service via the Court's CM/ECF system, if registered:

**Sent to:**

McCalla Raymer Leibert Pierce, LLC
Attention: Deborah M. Gallo and Adam David Weiss
420 Lexington Avenue, Suite 840
New York, NY 10170
deborah.gallo@mccalla.com
*Alleged ATTORNEY's for The Bank of New York Mellon*

Date this 1st day of **June, 2025**.

RESPECTFULLY PRESENTED,

_____
Mario E. Castro, Sui Juris
All Natural Secured Rights Explicitly Reserved and Retained
c/o 419 West Hills Road, Melville, New York 11747
Ph. 917-513-7741
Email: 4lifemcastro@gmail.com

_____
Magdalena D. Castro, Sui Juris
All Natural Secured Rights Explicitly Reserved and Retained
c/o 419 West Hills Road, Melville, New York 11747
Ph. 917-513-7741
Email: 4lifemcastro@gmail.com

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

The Bank of New York Mellon Appellee,

v.

Castro, et al., Appellant's.

Appeal From The United States District Court For The Eastern District Of New York In Case No. **2:25-cv-01680-PKC-JMW**, presiding Judge Pamela K. Chen.

## CERTIFICATE OF SERVICE

Mario E. Castro and Magdalena D. Castro, Appellants, Sui Juris
c/o 419 West Hills Road, Melville, New York 11747
All natural secured rights reserved and retained
Ph. 917-513-7741
Email: 4lifemcastro@gmail.com

September 1st, 2025

WE HEREBY CERTIFY that a true and correct copy of the "APPENDIX OF APPELLANT'S MARIO AND MAGDALENA" has been served to the Appellee's on the service list via this courts electronic ECF system and under U.S.P.S. first-class mail.

**Sent to:**
McCalla Raymer Leibert Pierce, LLC
Attention Brian Peter Scibetta
420 Lexington Avenue, Suite 840
New York, NY 10170

**Dated this** 1st **day of September, 2025.**

RESPECTFULLY PRESENTED,

*[signature]*

Mario E. Castro, Sui Juris
All Natural Secured Rights Explicitly Reserved and Retained
c/o 419 West Hills Road, Melville, New York 11747
Ph. 917-513-7741
Email: 4lifemcastro@gmail.com

*[signature]*

Magdalena D. Castro, Sui Juris
All Natural Secured Rights Explicitly Reserved and Retained
c/o 419 West Hills Road, Melville, New York 11747
Ph. 917-513-7741
Email: 4lifemcastro@gmail.com

PRESS FIRMLY TO SEAL   PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOP
POSTAGE REQUIRE

 | PRIORITY MAIL

UNITED STATES POSTAL SERVICE® Click-N-Ship®

usps.com 9405 5301 0935 5204 7515 07 0096 9001 0001 0007
$9.70
US POSTAGE

P  U.S. POSTAGE PAID 

09/02/2025  Mailed from 11747  450561503226075

PRIORITY MAIL®

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinati
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

MARIO E CASTRO
419 W HILLS RD
MELVILLE NY 11747-1045



Flat Rate Envelope
RDC 03
C099

THURGOOD MARSHALL UNITED STATES CO
UNITED STATES COURT OF APPEALS FOR
40 FOLEY SQ
NEW YORK NY 10007-1502

USPS TRACKING #

To schedule free Package Picku
scan the QR code.



USPS.COM/PICKUP

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT



9405 5301 0935 5204 7515 07

**TRACKED ■ INSURED**



PS00001000014  EP14F October 2023

   

This package is made from post-consumer waste. Please recycle - again.